UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN GAROFAL,<br><br>         Plaintiff,<br><br>    v.<br><br>MATTHEW MONTANYE, *et al.*,<br><br>         Defendants. | **STIPULATION OF SETTLEMENT AND<br>ORDER OF DISMISSAL**<br><br>9:17-CV-0820 (GTS/CFH) |

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys of record for the Plaintiff, Brian Garofal, and for the Defendants, Matthew Montanye, Bruce Chamberlain, Jason Guilbeault, and James Gori, parties to the above entitled-action ("Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the Action, the Action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other cases either between the parties to this case or any other parties:

    1.  Plaintiff discontinues this Action with prejudice and without damages, costs, interest or attorneys' fees, and discharges and releases Defendants Matthew Montanye, Bruce Chamberlain, Jason Guilbeault, and James Gori, all other John Doe defendants, the N.Y.S. Department of Corrections and Community Supervision ("DOCCS"), and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action, and

1

further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against Defendants Matthew Montanye, Bruce Chamberlain, Jason Guilbeault, James Gori, and/or others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. Defendants Matthew Montanye, Bruce Chamberlain, Jason Guilbeault, and James Gori discharge and release plaintiff from any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action.

3. Defendant Matthew Montanye discharges and releases Defendants Bruce Chamberlain, Jason Guilbeault, and James Gori from any and all crossclaims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action.

4. This Action is hereby dismissed and discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

5. The parties agree that no provision of this Stipulation of Settlement and Order of Dismissal ("Stipulation") shall be interpreted to be an acknowledgment of the validity of any of the allegations, claims, or defenses that have been made in the Action.

6. This Stipulation does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions. The settlement of this Action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This Stipulation does not form and shall not be claimed as any

precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

7. Following the execution of this Stipulation, and it being "so ordered" by the Court, Defendants shall pay to Plaintiff the total sum of two hundred thirty-five thousand dollars ($235,000.00) in full settlement of any and all claims, attorneys' fees, and costs ("Settlement Amount").

8. Payment by Defendants of the Settlement Amount is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. As is required by New York State law, payment to Plaintiff by Defendants, pursuant to Paragraph 7, could be subject to the provisions of Chapter 62 of the Laws of 2001 (the "Son of Sam Law").

9. As a Medicare recipient, Plaintiff agrees to notify Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively, "Medicare") and obtain a Conditional Payment Letter and Final Demand Letter for medical treatment and/or prescription medication paid by Medicare relating to the injuries alleged in this Action. Plaintiff agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff and Plaintiff's attorneys acknowledge that receipt of the fully executed Medicare Affidavit together with any required attachments is a prerequisite to payment of the Settlement Amount.

Further, Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York, and DOCCS with respect to any liens, right of recovery or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or

future anticipated Medicare payments have not been satisfied, Defendants reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on Medicare's Conditional Payment Letter and/or Final Demand Letter. Upon receipt by attorney for Defendants of all required settlement papers, including the fully executed Medicare Affidavit, payment of the Settlement Amount shall be made in accordance with the terms set forth herein.

10. Payment of the Settlement Amount will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by Defendants' counsel of a copy of the "so ordered" stipulation. Subject to the provisions of the foregoing paragraphs, in the event payment is not made within one hundred and twenty (120) days after the filing of this stipulation, interest shall begin to accrue on the outstanding principal balance at the federal statutory rate on the one hundred and twenty-first day after the Court's approval.

11. The foregoing constitutes the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant proceedings, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       February 2 8 , 2020

*[signature]*

DANIEL G. WINTER
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
*Attorneys for Plaintiff*
1285 Avenue of the Americas
New York, New York 10019

Dated: Albany, New York
      February 28, 2020

_____
DENNIS B. SCHLENKER
*Attorney for Defendant Matthew Montanye*
174 Washington Avenue
Albany, New York 12210

Dated: Albany, New York
      February 27, 2020

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants Bruce Chamberlain, Jason Guilbeault, and James Gori*
The Capitol
Albany, New York 12224

By: _____
    Christopher Hummel
    Assistant Attorney General, of Counsel

Dated: Syracuse, New York
      February _____, 2020

    SO ORDERED:

_____
HON. GLENN T. SUDDABY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

HIGHLY CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRIAN GAROFAL,

                                   Plaintiff,

                                  v.

MATTHEW MONTANYE, JASON GUILBEAULT,
J. GORI, and JOHN DOES #1-3,
Correction Officers; BRUCE CHAMBERLAIN,
Correction Sergeant, in their individual capacities,

                                  Defendants.

**AFFIDAVIT OF STATUS OF MEDICARE ELIGIBILITY**

9:17-CV-00820-GTS-CFH

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF _____    )

       [NAME], being duly sworn, deposes and says:

1. I am the [claimant/plaintiff] in the above-entitled action. I am a citizen of the [INSERT COUNTRY] and I currently reside at [INSERT ADDRESS].

2. I make this affidavit with full knowledge that it will be relied upon by the State of New York, its agents, employees and representatives ("OAG") in connection with the [judgment in/settlement of] this action against [INSERT DEFENDANT] and specifically as it relates to OAG's obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3. I understand that a query has been / will be made pursuant to MMSEA, 42 U.S.C. 1395y(b)(8) to verify my current Medicare status.

**HIGHLY CONFIDENTIAL**

4. I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

    a. reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

    b. utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation, and would require reimbursement to Medicare.

5. I further acknowledge that the information provided herein will be relied upon by Defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to MMSEA or as deemed necessary or required by the Defendants and OAG.

6. I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to MMSEA.

**PEDIGREE INFORMATION**

7. I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names:  [INSERT NAMES].  I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8. I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9. I affirm that:

    a. my social security number is [SSN];
    b. my date of birth is [DOB]; and
    c. my gender is [male/female].

## CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

10. As of the date of this affidavit:

   a. ✎_____   I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

   **OR**

   b. ✎_____   I am a Medicare Beneficiary, and my Medicare number is [HIC #]. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this personal injury action; and

   i. ✎_____   Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. ***(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)***; or

   ii. ✎_____   Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

   iii. ✎_____   I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to [assigned AAG] and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the [judgment/settlement] in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment , directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

**HIGHLY CONFIDENTIAL**

### FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11. As of the date of this affidavit:

   a. ✎_____   I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the [judgment/settlement] of the above-captioned litigation.  I affirm that I:
   i. I have not applied for social security disability (SSDI);
   ii. have not been denied SSDI and anticipating appealing that decision;
   iii. am not in the process of appealing or re-filing for SSDI;
   iv. am not 62.5 years or older; and
   v. do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

   b. ✎_____   I am not current a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

   i. ✎_____   I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached.  The attached certification  confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

   ii. ✎_____   I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries of this personal injury action; or

   iii. ✎_____   I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**HIGHLY CONFIDENTIAL**

**OR**

    c.    ✎_____    I am currently a Medicare Beneficiary and

        i.    ✎_____    I do not anticipate requiring any future treatment for injuries that are the subject of this action that will require reimbursement to Medicare. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, and such treatment and/or prescriptions would require reimbursement to Medicare, I will use the requisite amount of proceeds from the settlement of this action to pay for any medical expenses relating to such injuries; or

        ii.    ✎_____    I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

        iii.    ✎_____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

_____
[NAME]

Sworn to before me this
\_\_\_\_ day of _____, 2020.

_____
NOTARY PUBLIC